Michael A. Faillace[MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

CARLOS MAN DE LOS SANTOS ORTIZ,
*individually and on behalf of others similarly*
*situated,*

                              *Plaintiff,*

             -against-

TRI-STATE CANDY WHOLESALE, INC.
(d/b/a TRI-STATE CANDY WHOLESALE),
UNITED BEVERAGE DISTRIBUTOR INC.
(d/b/a BEER BROTHERS), KIRTIKUMAR
VED, and AMIR ALI
                           *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Carlos Man De Los Santos Ortiz ("Plaintiff De Los Santos"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against Defendants Tri-State Candy

Wholesale, Inc. (d/b/a Tri-State Candy Wholesale), United Beverage Distributor Inc. (d/b/a Beer

Brothers), Kirtikumar Ved, and Amir Ali (collectively the "Defendants"), alleges as follows:

### <u>NATURE OF THE ACTION</u>

      1.     Plaintiff De Los Santos was an employee of Tri-State Candy Wholesale, Inc.

(d/b/a Tri-State Candy Wholesale), United Beverage Distributor Inc. (d/b/a Beer Brothers)

("Defendant Corporations"), Kirtikumar Ved, and Amir Ali.

2.      Defendants own, operate, and/or control a wholesale company located at 54-36 48th Street, Maspeth, NY 11378 (hereinafter "Tri-State Candy Wholesale location") and a beer distribution company located at 89-19 130th Street, Jamaica, NY 11418 (hereinafter "Beer Brothers location)."

3.      Upon information and belief, Tri-State Candy Wholesale, Inc. owns and operates the Tri-State Candy Wholesale location and United Beverage Distributor Inc. owns and operates the Beer Brothers location.

4.      Upon information and belief, individual Defendant Kirtikumar Ved serves or served as owner, manager, principal or agent of Tri-State Candy Wholesale, Inc. and individual Defendant Amir Ali serves or served as owner, manager, principal or agent of United Beverage Distributor Inc., and through these corporate entities, operate or operated the companies as a joint or unified enterprise.

5.      Plaintiff De Los Santos was employed to work as a driver, truck loader, and a stocker.

6.      At all times relevant to this Complaint, Plaintiff De Los Santos worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.      Further, defendants failed to pay Plaintiff De Los Santos the required "spread of hours" pay for any day in which he worked over 10 hours per day.

8.      Defendants' conduct extends beyond Plaintiff De Los Santos to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Los Santos and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff De Los Santos now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146-1.6, including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff De Los Santos seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq.* (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

13.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff De Los Santos was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Carlos Man De Los Santos Ortiz*

14.     Plaintiff De Los Santos is an adult individual residing in Queens County, New York.

15.     Plaintiff De Los Santos was employed by Defendants from approximately June 2016 until on or about July 4, 2017.

16.     Plaintiff De Los Santos consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

### *Defendants*

17.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled a wholesale company located at 54-36 48th Street, Maspeth, NY 11378, under the name "Tri-State Candy Wholesale" and a beer distribution company located at 89-19 130th Street, Jamaica, NY 11418 under the name "Beer Brothers."

18.     Upon information and belief, Tri-State Candy Wholesale, Inc. and United Beverage Distributor Inc. are corporations organized and existing under the laws of the State of New York.

19.     Upon information and belief, Tri-State Candy Wholesale, Inc. (d/b/a Tri-State Candy Wholesale) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54-36 48th Street, Maspeth, NY 11378.

20.     Upon information and belief, United Beverage Distributor Inc. (d/b/a Beer Brothers) is a domestic corporation organized and existing under the laws of the State of New

York. Upon information and belief, it maintains its principal place of business at 89-19 130th Street, Jamaica, NY 11418.

21.     Defendant Kirtikumar Ved is an individual engaging in business in this judicial district during the relevant time period.

22.     Defendant Kirtikumar Ved is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

23.     Upon information and belief, Defendant Kirtikumar Ved possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

24.     Kirtikumar Ved determined the wages and compensation of the employees of Defendants, including Plaintiff De Los Santos, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Amir Ali is an individual engaging in business in this judicial district during the relevant time period.

26.     Defendant Amir Ali is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

27.     Upon information and belief, Defendant Amir Ali possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

- 5 -

28.     Amir Ali determined the wages and compensation of the employees of Defendants, including Plaintiff De Los Santos, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     As alleged above, Defendants operate a wholesale company and a beer distribution company located in Queens County.

30.     Upon information and belief, Defendant Kirtikumar Ved and Amir Ali possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff De Los Santos' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff De Los Santos, and all similarly situated individuals referred to herein.

33.     Defendants jointly employed Plaintiff De Los Santos, and all similarly situated individuals, and were his (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff De Los Santos and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Kirtikumar Ved and Amir Ali operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves by, among other things:

   a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

   b.   defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c.   transferring assets and debts freely as between all Defendants;

   d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders;

   e.   operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely held controlled entities;

   f.   intermingling assets and debts of their own with Defendant Corporations; and

   g.   other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff De Los Santos' employers within the meaning of the FLSA and NYLL.

37.     Defendants had the power to hire and fire Plaintiff De Los Santos, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his services.

38.    In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the companies on a daily basis, such as food and beer, were produced outside of the State of New York.

*Plaintiff Carlos Man De Los Santos Ortiz*

40.    Plaintiff De Los Santos is a former employee of defendants, primarily employed in performing the duties of a driver, a truck loader, and a stocker.

41.    Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b)

42.    Plaintiff De Los Santos was employed by Defendants from approximately June 2016 until on or about July 4, 2017.

43.    At all times relevant to this complaint, Plaintiff De Los Santos was an employee of Defendants employed to work as a driver, a truck loader, and a stocker.

44.    Plaintiff De Los Santos' work duties required neither discretion nor independent judgment.

45.    Plaintiff De Los Santos regularly handled goods in interstate commerce, such as food and beer produced outside of the State of New York.

46.    Throughout his employment with Defendants, Plaintiff De Los Santos regularly worked in excess of 40 hours per week.

47.     From approximately June 2016 until on or about July 4, 2017, Plaintiff De Los Santos worked from approximately 9:00 a.m. or 10:00 a.m. until on or about 7:30 or 8:00 p.m. Mondays, Tuesdays, Wednesdays and Fridays, from approximately 8:00 a.m.  or 9:00 a.m. until on or about 7:30 p.m. or 8:00 p.m. on Thursdays and from approximately 6:00 a.m. or 7:00 a.m. until on or about 6:30 or 7:30 p.m. (typically 66 to 78 or 57 to 69 hours per week).

48.     Throughout his employment with defendants, Plaintiff De Los Santos was paid his wages in cash.

49.     From approximately June 2016 until on or about July 4, 2017, Defendants paid Plaintiff De Los Santos a range of approximately $9.00 to $12.00 per hour for all hours worked.

50.     Defendants did not provide Plaintiff De Los Santos with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

51.     Instead, defendants required Plaintiff De Los Santos to sign a document, the contents of which he could not understand because it was written in English, in order to get paid.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff De Los Santos regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide any notice to Plaintiff De Los Santos, in English and in Spanish (Plaintiff De Los Santos' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Los Santos (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

55.     Defendants did not pay Plaintiff De Los Santos and similarly situated employees their minimum wage and overtime pay.

56.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiff De Los Santos and all similarly situated employees with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of the employees' relative lack of sophistication in wage and hour laws.

57.     Defendants did not provide Plaintiff De Los Santos and all similarly situated employees with any document or other statement accurately accounting for their actual hours worked and setting forth the minimum wage rate and overtime wage.

58.     Plaintiff De Los Santos and all similarly situated employees were paid their wages in cash.

59.     Plaintiff De Los Santos was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

60.     Defendants habitually required Plaintiff De Los Santos to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

61.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff De Los Santos by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

62.     Defendants also failed to provide Plaintiff De Los Santos with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants'

violations of the wage and hour laws, and to take advantage of Plaintiff De Los Santos' relative lack of sophistication in wage and hour laws.

63.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff De Los Santos (and similarly situated individuals) worked, and to avoid paying Plaintiff De Los Santos properly for his full hours worked, including overtime and spread of hours pay.

64.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff De Los Santos and other similarly situated current and former employees.

66.     Plaintiff De Los Santos' experience is representative of all those who were similarly situated, who have worked for Defendants, who were paid in a combination of check and cash and never received any document or statement that accurately stated the rate of pay or actual number of hours worked.

67.     Defendants failed to provide Plaintiff De Los Santos and other employees with wage statements, at the time of each payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

68.     Defendants failed to provide Plaintiff De Los Santos and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.     Plaintiff De Los Santos brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

70.     At all relevant times, Plaintiff De Los Santos and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime wages and willfully failing to keep records required by the FLSA.

71.     The claims of Plaintiff De Los Santos stated herein are similar to those of the other similarly situated employees.

**<u>FIRST CAUSE OF ACTION</u>**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

72.     Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff De Los Santos' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff De Los Santos (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

74.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76.     Defendants failed to pay Plaintiff De Los Santos (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.     Defendants' failure to pay Plaintiff De Los Santos (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

- 13 -

78.     Plaintiff De Los Santos (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

79.     Plaintiff De Los Santos repeats and re-alleges all paragraphs above as though fully set forth herein.

80.     Defendants, in violation of 29 U.S.C. § 207(a)(1) of the FLSA, failed to pay Plaintiff De Los Santos and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

81.     Defendants' failure to pay Plaintiff De Los Santos and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff De Los Santos and the FLSA class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

82.     Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff De Los Santos' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff De Los Santos (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

84.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff De Los Santos  (and the FLSA Class members) less than the minimum wage.

85.     Defendants' failure to pay Plaintiff De Los Santos (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff De Los Santos (and the FLSA Class Members) was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS)

87.     Plaintiff De Los Santos repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff De Los Santos (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

89.     Defendants failed to pay Plaintiff De Los Santos (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

90.     Defendants' failure to pay Plaintiff De Los Santos (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91.      Plaintiff De Los Santos (and the FLSA Class Members) was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

**OF THE NEW YORK COMMISSIONER OF LABOR)**

92.     Plaintiff De Los Santos repeats and re-alleges all paragraphs above as though fully set forth herein.

93.     Defendants failed to pay Plaintiff De Los Santos (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff De Los Santos' spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y.  COMP.  CODES R.  & REGS.  Tit.  12, § 146-1.6.

94.     Defendants' failure to pay Plaintiff De Los Santos (and the FLSA Class members) an additional hour's pay for each day Plaintiff De Los Santos' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

95.     Plaintiff De Los Santos (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

96.     Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

97.     Defendants did not provide Plaintiff De Los Santos with a wage statement with each payment of wages, as required by NYLL 195(3).

98.     Defendants are liable to Plaintiff De Los Santos in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff De Los Santos respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Los Santos and the FLSA class members

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Los Santos and the FLSA class members;

(d)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff De Los Santos and the FLSA class members;

(e)     Awarding Plaintiff De Los Santos and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff De Los Santos and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants have violated the minimum wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiff De Los Santos  and the members of the FLSA Class

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Los Santos and the members of the FLSA Class;

(i)      Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff De Los Santos;

(j)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff De Los Santos' compensation, hours, wages; and any deductions or credits taken against wages, as well as spread of hours pay under the NYLL;

(k)      Declaring that Defendants' violations of the NYLL were willful as to Plaintiff De Los Santos and the FLSA Class members;

(l)      Declaring that Defendants violated the provisions of section 191 of the NYLL;

(m)      Awarding Plaintiff De Los Santos and the FLSA class members damages under the NYLL for the amount of unpaid spread of hours pay, overtime wages as well as damages for violations of section 191 of the NYLL;

(n)      Awarding Plaintiff De Los Santos and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown pursuant to NYLL § 663 and 198-d;

(o)      Awarding Plaintiff De Los Santos and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff De Los Santos and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

        Plaintiff De Los Santos demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 24, 2017


                                By:     /s/ Michael Faillace
                                        Michael Faillace
                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540                                              Telephone: (212) 317-1200
New York, New York 10165                                              Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

July 5, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Carlos Man De Los Santos Ortiz

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      _Carlos De Los Santos_

Date / Fecha:                           05 de julio de 2017