UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS MAN DE LOS SANTOS ORTIZ,
*individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

TRI-STATE CANDY WHOLESALE, INC. (d/b/a TRI-STATE CANDY WHOLESALE), UNITED BEVERAGE DISTRIBUTOR INC. (d/b/a BEER BROTHERS), KIRTIKUMAR VED, and AMIR ALI,

*Defendants.*

17-cv-4356-ILG-RER

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into by and among Plaintiff Carlos Man de Los Santos Ortiz ("Plaintiff") on the one hand, and Tri-State Candy Wholesale, Inc. (d/b/a Tri-State Candy Wholesale), United Beverage Distributor Inc. (d/b/a Beer Brothers), Kirtikumar Ved, and Amir Ali (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 17-cv-4356 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiff, the gross sum of Two Thousand Dollars and Zero Cents ($2,000.00) (the "Negotiated Settlement Amount") to be paid to Plaintiff's attorneys as follows:

1

   i. A check in the amount of Five Hundred Dollars and Zero Cents ($500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiff," for immediate deposit within thirty (30) days of court approval of the Agreement, delivered to Plaintiff's counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   ii. A check in the amount of Five Hundred Dollars ($ 500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiff," for immediate deposit within sixty (60) days of court approval of the Agreement, delivered to Plaintiff's counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   iii. A check in the amount of Five Hundred Dollars ($ 500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiff," for immediate deposit within ninety (90) days of court approval of the Agreement, delivered to Plaintiff's counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   iv. A check in the amount of Five Hundred Dollars ($ 500.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiff," for immediate deposit within one hundred twenty (120) days of court approval of the Agreement, delivered to Plaintiff's counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

  The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

  3. (a) In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiff's counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavits of Confession of Judgment annexed hereto as Exhibit "A".

  (b) Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants.

4.  <u>Failure to Pay</u>: Defendants shall execute Confessions of Judgment in the form of Exhibit "A" attached hereto entitling Plaintiff to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) not to exceed a total amount of $12,000.00, and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement.  Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement.

5.  <u>Releases</u>

(a)  In consideration of the Negotiated Settlement Amount referred to in Paragraph 1 hereof, Plaintiff for himself and his heirs, successors and assigns, hereby promises and represents that, other than the aforesaid Lawsuit, he has not, and shall not, commence any administrative or judicial lawsuit or proceeding seeking unpaid minimum wages, overtime, or other wage claims as alleged in the Lawsuit, against Defendants, or their subsidiaries, affiliates, officers, trustees, board members and directors, (whether in their individual or representative capacity) partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, in their individual or official capacities (hereinafter collectively referred to as "Releasees"), and Plaintiff hereby releases and discharges Defendants from, and holds them harmless against, any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims which he now has relating to, or arising under, any federal, state, or local statute or regulation including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*,  New York Labor Law ("NYLL") §§ 650 *et seq.*, and Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State, promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.  In the event Plaintiff voluntarily or knowingly institutes, or becomes a party to, or is a member of a class that institutes any such action, his claims shall be dismissed, or class membership terminated immediately upon presentation of this Agreement, and he shall reimburse Defendants for all legal fees and expenses incurred in defending such claims instituted by Plaintiff or with his consent or ratification, and in obtaining dismissal thereof.

5.  <u>No Admission of Wrongdoing</u>:  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6.  <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7.  Acknowledgment:  Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8.  Notices:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Brian K. Condon, Esq.
Condon, Catina & Mara, PLLC
55 Old Turnpike Road, Suite 502
Nanuet, NY 10954
Tel:   (845) 627-8500
Email:  brian@ccmlawoffices.com

9.  Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12. <u>Dismissal of the Lawsuit</u>: Counsel for the Parties shall sign a Stipulation and Order of Dismissal with Prejudice (the "Dismissal Order") in the form attached to this Agreement as Exhibit "B". The Dismissal Order shall be filed in the Court within ten (10) days of Court approval of the Agreement and a copy of the Dismissal Order signed by Defendants' Counsel. However, the Parties agree that the Court shall retain jurisdiction over the Litigation until Defendants have fully paid the Negotiated Settlement Payment set forth.

13. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by any of the Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

14. <u>No Assignment</u>: Plaintiff represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

15. <u>Entire Agreement</u>: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

16. <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

17. <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

18. <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

19. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22. <u>Mutual Non-Disparagement</u>: The Parties hereto agree not to disparage each other. Nothing herein shall prevent the Plaintiffs from speaking truthfully about this case.

23. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Plaintiff:

By: *Carlos delos Santos Ortiz*
CARLOS MAN DE LOS SANTOS ORTIZ

Defendants:

TRI-STATE CANDY WHOLESALE, INC.

By: _____

Print Name _____

Title _____

19. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22. <u>Mutual Non-Disparagement</u>: The Parties hereto agree not to disparage each other. Nothing herein shall prevent the Plaintiffs from speaking truthfully about this case.

23. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>Plaintiff:</u>

By: _____
CARLOS MAN DE LOS SANTOS ORTIZ

<u>Defendants:</u>

TRI-STATE CANDY WHOLESALE, INC.

By: _____[signature]_____

Print Name  KIRTIKUMAR Ved

Title  PRESIDENT

UNITED BEVERAGE DISTRIBUTOR INC.

By: _____

Print Name  KIRTIKUMAR VED

Title: _____

_____
KIRTIKUMAR VED


_____
AMIR ALI

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------X
CARLOS MAN DE LOS SANTOS ORTIZ,
*individually and on behalf of others similarly situated*,

                 *Plaintiff*,

-against-

TRI-STATE CANDY WHOLESALE, INC. (d/b/a TRI-STATE CANDY WHOLESALE), UNITED BEVERAGE DISTRIBUTOR INC. (d/b/a BEER BROTHERS), KIRTIKUMAR VED, and AMIR ALI,

                 *Defendants*.
-----------------------------------------------------------X

AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK   )
                            ) ss.
COUNTY OF NASSAU   )

Kirtikumar Ved, being duly sworn, deposes and says:

1. I reside in Nassau County, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Tri-State Candy Wholesale, Inc. (d/b/a Tri-State Candy Wholesale), United Beverage Distributor Inc. (d/b/a Beer Brothers), Kiritkumar Ved and Amir Ali are to submit a total sum of Two Thousand Dollars and Zero Cents ($2,000.00) to Plaintiff.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Carlos Man de los Santos Ortiz ("Plaintiff") and Tri-State Candy Wholesale, Inc. (d/b/a Tri-State Candy Wholesale), United Beverage Distributor Inc. (d/b/a Beer Brothers), Kiritkumar Ved and Amir Ali (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and, **solely in the event of default**, I authorize entry thereof in New York County against me individually and in favor of Plaintiff the remaining sum due under the Settlement Agreement, not to exceed a total amount of $12,000.00.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $12,000 (less any amounts already paid to Plaintiff pursuant to the above schedule).

_____
KIRITKUMAR VED

Sworn to before me this
5th day of June of 2019

_____
Notary Public

BRIAN K. CONDON
Notary Public, State of New York
No. 02CO6001956
Qualified in ROCKLAND County
Commission Expires FEB. 2, 20 21

9